1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

GEORGE M. ROBERTS,

11                                  Plaintiff,

12            v.

13  MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

14

15                                  Defendant.

CASE NO.  C10-5225RJB

REPORT AND RECOMMENDATION

Noted for November 26, 2010

16
17      This social security administration matter has been referred to Magistrate Judge J.

18  Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4)

19  and as authorized by Mathews v. Weber, 423 U.S. 261 (1976).  This matter has been fully

20  briefed.  After carefully reviewing the record, the undersigned recommends that the Court

21  remand the matter for further consideration by the Social Security Administration.

22                    **FACTUAL AND PROCEDURAL BACKGROUND**

23      Plaintiff, George Roberts, was born in 1950.  Tr. 91.  Plaintiff testified that he attended

24
25  school through about tenth grade, plus six months of security courses at Clover Park Community

26

REPORT AND RECOMMENDATION - 1

College.  Tr. 40.  He has work experience as a general laborer, caregiver, security guard and bartender.  Tr. 129.

Plaintiff filed applications for social security supplemental security income disability benefits on October 26, 2005, alleging that he has been disabled since September 19, 2005 due to significant back and leg pain.  Tr. 86-96, 122-23.  The administrative hearing before an Administrative Law Judge ("ALJ") occurred on August 2, 2007.  Tr. 36-59.  On December 13, 2007, the ALJ issued a decision in which he found that plaintiff was not disabled.  Tr. 12-23. Plaintiff requested review by the Appeals Council which, on February 26, 2010, denied his request for review, leaving the decision of the ALJ as the final administrative decision.  Tr. 1-5.

The instant Complaint was submitted to the court, along with an application to proceed in forma pauperis, on April 1, 2010.  Plaintiff alleges the ALJ and the administration erred in denying plaintiff's applications for benefits on the following basis:

1.      The ALJ Failed To Properly Evaluate The Medical Evidence;

2.      The ALJ Failed To Properly Evaluate Claimant's Testimony Regarding His Symptoms and Limitations;

3.      The ALJ Improperly Determined Claimant's Residual Functional Capacity;

4.      The ALJ Erroneously Found That Claimant Can Perform His Past Relevant Work;

5.      The Commissioner Failed To Meet The Burden Of Showing That The Claimant Can Perform Any Work In The National Economy;

6.      The Claimant Meets The Requirements Set Forth In Medical-Vocational Rule 201.02; and

REPORT AND RECOMMENDATION - 2

7.      The Appeals Council Erred By Failing To Remand This Claim For A New Hearing Based Upon New Evidence.

Plaintiff's Opening Brief (ECF No. 12).  Plaintiff asked the court either to reverse the ALJ's decision and award benefits directly or remand the matter to the administration for further consideration to correct the errors.  Id. at 24.

Significantly, in response to plaintiff's opening brief, defendant concedes that the ALJ erred and that the matter should be remanded to the administration for further consideration. Specifically, the Commissioner conceded that the ALJ erred in his consideration of the opinions of Dr. Magaret and Dr. Hoskin; and, as a result of this error, the ALJ erred in his finding regarding plaintiff's residual functional capacity, and the subsequent steps in the sequential evaluation.  Additionally, defendant notes that remanding the case would provide the ALJ an opportunity to fully consider the new evidence presented by plaintiff to the Appeals Council. Defendant's response brief (ECF No. 19).

After reviewing the record, this court finds that a remand for further proceedings is the appropriate remedy.

### DISCUSSION

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court.  Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir.1989) (citing Varney v. Secretary of HHS, 859 F.2d 1396, 1399 (9th Cir. 1988).  In Varney, the Ninth Circuit held that in cases where the record is fully developed, a remand for further proceedings is unnecessary.  Id. at 1401.  See also Reddick v. Chater, 157 F.3d 715, 728-30 (9th Cir. 1998)(case not remanded for further proceedings because it was clear from the record claimant was entitled to benefits); Swenson, 876 F.2d at 689 (directing an award of benefits

REPORT AND RECOMMENDATION - 3

where no useful purpose would be served by further proceedings); <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir.1989) (same); <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir.1987) (accepting uncontradicted testimony as true and awarding benefits where the ALJ failed to provide clear and convincing reasons for discounting the opinion of claimant's treating physician).

Here, plaintiff argues, "There are no outstanding issues that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find Roberts disabled had he properly evaluated all of the evidence of record. Roberts therefore respectfully asks this court to exercise its discretion and order that this case be remanded for the payment of benefits."  Plaintiff's Reply Brief, ECF No. 20, at 11.  Plaintiff's argument is based on the assertion that the court should credit as true the improperly considered medical opinions, and he also asks that, if the matter is remanded for further consideration, the court direct the administration to credit certain opinion evidence.  <u>Id</u>.  This court disagrees with plaintiff's argument.  The ALJ or the administration should be given the opportunity to cure the defects in its decision and re-evaluate the medical opinions and reconsider plaintiff's applications for benefits.

In a similar case, the social security claimant, argued the ALJ improperly rejected medical testimony and the district court was obligated to credit the opinion as true, the Ninth Circuit wrote:

Appellant supports his argument that Dr. Fox's testimony should be credited by citation to *Lester v. Chater*, 81 F.3d 821 (9th Cir.1995) and *Smolen v. Chater*, 80 F.3d 1273 (9th Cir.1996).  In *Lester*, we wrote that "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.' "  *Lester*, 81 F.3d. at 834, *quoting Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir.1989).  We built upon this rule in *Smolen* by positing the following test for determining when evidence should be credited and an immediate award of benefits directed:

REPORT AND RECOMMENDATION - 4

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292. [Footnote omitted]

The Commissioner attacks Appellant's reliance on *Lester* by arguing that the record in that case contained no evidence capable of supporting the rejection of the medical opinions, while here, according to the Commissioner, there is such evidence. [Footnote omitted]  However, even assuming *arguendo* that there is material in the record upon which the ALJ legitimately could have rejected Dr. Fox's testimony, the Commissioner's attempt to distinguish *Lester* is not well founded.  In *Varney v. Secretary of Health and Human Services (Varney II)*, 859 F.2d 1396 (9th Cir.1988), this court addressed the propriety of adopting the Eleventh Circuit's practice of accepting a claimant's pain testimony as true when it is inadequately rejected by the ALJ. In language which is equally applicable here, we stated:

> Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from reach[ing] a conclusion first, and then attempt[ing] to justify it by ignoring competent evidence . . . . [¶ And] the rule of crediting such testimony] ensures that deserving claimants will receive benefits as soon as possible . . . .

> . . . Certainly there may exist valid grounds on which to discredit a claimant's pain testimony. . . .  But if grounds for such a finding exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision.

*Id.* at 1398-99. (Emphasis added; internal quotes and citation omitted).
  Our reliance on *Varney II* to justify the current application of *Smolen* **does not obscure the more general rule that the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.** *See Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981). Rather, the *Smolen* test still enables **only a limited exception to the general rule.**

We conclude that if the Smolen test is satisfied with respect to Dr. Fox's testimony, then remand for determination and payment of benefits is warranted regardless of whether the ALJ *might* have articulated a justification for rejecting Dr. Fox's opinion.

1

*B. Applying the Test*

2          Not surprisingly, the parties disagree as to whether the Smolen test is met here.
3   Specifically, they disagree as to whether crediting Dr. Fox's opinion mandates a
    finding of disability.  [Footnote omitted]  We conclude that it does not.

4   Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir. 2000)(bold emphasis added).

5

6          The Harman court found the Smolen test did not apply after reviewing the need for

7   remand and whether benefits could be awarded as a matter of law.  Because additional materials

8   on remand needed to be considered, because the medical opinion that Appellant is totally

9   disabled is a medical rather than a legal conclusion, and because there was no testimony from the

10  vocational expert that the limitations found would render the claimant unable to engage in any

11  work, the Harman court did not apply the Smolen test to credit the medical opinion as true.

12  Thus, the Harman matter was remanded without conditions directing the administration to credit

13  the improperly rejected medical opinion as true.

14

15         In the case at hand, this court similarly concludes that it would be inappropriate to

16  remand with a directive to the administration to credit the certain medical opinions and lay

17  witness statements as true.  Here, remand would allow the administration the opportunity to

18  properly reconsider all of the medical evidence as a whole and to incorporate the properly

19  considered medical evidence into the consideration of plaintiff's credibility and residual

20  functional capacity.

21         Moreover, the court notes that the errors made by the ALJ were made at steps two, three,

22

23  and four of the five-step evaluation process.  Remanding the matter will allow the administration

24  the opportunity not only to reconsider its decisions at steps two, three and four, it will allow the

25  full development and determination of step-five of the process and it will allow full consideration

26  of the evidence plaintiff submitted to the Appeals Council.  On remand the administration will be

REPORT AND RECOMMENDATION - 6

1   required to make new findings and conclusions relevant to each of the five-steps in the

2   evaluation process.

3                                        **CONCLUSION**

4           Based on the foregoing, the Court should remand the matter to the administration for

5   further consideration.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of

6   Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file

7

8   written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of

9   those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating

10  the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on

11  **November 26, 2010**, as noted in the caption.

12          DATED at this 5th day of November, 2010.

13

14

15

16                                      J. Richard Creatura
                                        United States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 7