# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| GEORGE M. ROBERTS,<br><br>                          Plaintiff,<br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>                          Defendant. | CASE NO. C10-5225-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 22, 2011 |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrates Rule MJR 4(a)(4); and, as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261, 271-72 (1976). This matter is before the Court on Plaintiff's Amended Motion for Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act (ECF No. 34). This matter has been fully briefed (ECF Nos. 34, 35, 36).

The undersigned has reviewed the relevant record, including the time and expense reports submitted by plaintiff's counsel, and concludes that plaintiff's counsel has met his burden to supply sufficient evidence supporting the hours worked and the fees requested. In addition, no special circumstances make the requested award unjust and the position of the United States was not substantially justified. The Court concludes that the fees and expenses requested are reasonable. <u>See</u> 28 U.S.C. § 2412(d)(1)(A).

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff, GEORGE M. ROBERTS, was born in 1950 (Tr. 40, 86). Plaintiff testified that he attended school through about tenth grade, plus attended approximately six months of security courses at Clover Park Community College (Tr. 40). He had work experience as a general laborer, caregiver, security guard and bartender before he allegedly became disabled (Tr. 129).

## PROCEDURAL HISTORY

On October 26, 2005, plaintiff filed a Title II application for a period of disability and disability insurance benefits, and a Title XVI application for supplemental security income, alleging disability since September 19, 2005 due to significant back and leg pain (Tr. 15, 86-96, 122-23). The administrative hearing before an Administrative Law Judge (hereinafter "the ALJ") occurred on August 2, 2007 (Tr. 36-59). On December 13, 2007, the ALJ issued a written decision in which he found that plaintiff was not disabled (Tr. 12-23). The Appeals Council denied plaintiff's request for review on February 26, 2010, making the December 13, 2007 decision of the ALJ the final administrative decision subject to judicial review (Tr. 1-4). See 20 C.F.R. § 404.981.

Plaintiff filed the underlying complaint on April 4, 2010, requesting judicial review of the ALJ's written decision (ECF No. 4). Plaintiff alleged that the ALJ and the administration erred in denying plaintiff's applications for benefits on the following bases:

    1. The ALJ failed to evaluate properly the medical evidence;
    2. The ALJ failed to evaluate properly plaintiff's testimony regarding his symptoms and limitations;
    3. The ALJ failed to evaluate properly plaintiff's Residual Functional Capacity;
    4. The ALJ erred in finding that plaintiff could perform his past relevant work;
    5. The Commissioner failed to meet the burden of showing that plaintiff could perform any work in the national economy;
    6. The plaintiff met the requirements set forth in Medical-Vocational Rule 201.02; and

> 7. The Appeals Council erred by failing to remand this claim for a new hearing based on new evidence.

Plaintiff's Opening Brief (ECF No. 12). Plaintiff asked the court either to reverse the ALJ's decision and award benefits directly or remand the matter to the administration for further consideration to correct the errors (Id. at 24).

Significantly, in response to plaintiff's opening brief, defendant conceded that the ALJ erred and that the matter should be remanded to the administration for further consideration (Defendant's Response Brief, ECF No. 19, p. 4). Specifically, the Commissioner conceded that the ALJ erred in his consideration of the opinions of Dr. Magaret and Dr. Hoskins; and, as a result of this error, that the ALJ erred in his residual functional capacity finding and the subsequent steps in the sequential evaluation (id.). Additionally, defendant noted that remand would provide the ALJ an opportunity to consider the new evidence presented by plaintiff to the Appeals Council (id.).

On November 5, 2010, the undersigned issued a report and recommendation recommending that the Court reverse and remand this matter to the administration for further consideration (ECF No. 21). On December 1, 2010, the Court adopted that report and recommendation and ordered that the matter be remanded to the administration (ECF No. 22).

On March 1, 2011, plaintiff filed a motion for attorney fees and expenses pursuant to the Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412 (ECF No. 24). On March 14, 2011, defendant filed a response, contending that the fees requested were not reasonable (ECF No. 26). On March 17, 2011, plaintiff filed a reply (ECF No. 27).

On March 28, 2011, the Court issued an order denying without prejudice plaintiff's motion (ECF No. 28). The Court indicated that plaintiff could file an amended motion seeking fees for issues reached by the Court (id.). On April 11, 2011, defendant requested that the Court

REPORT AND RECOMMENDATION - 3

reconsider its order as the Court failed to conclude that plaintiff could not recover attorney fees for work performed after defendant offered to settle the underlying matter (ECF No. 30, pp. 2-4). The Court denied defendant's motion for reconsideration on May 3, 2011 (ECF No. 33).

On May 6, 2011 plaintiff filed an Amended Motion for Attorney Fees pursuant to the EAJA, 28 U.S.C. § 2412 (ECF No. 34). Defendant filed a response on May 23, 2011 (ECF No. 35) and plaintiff filed a reply on May 27, 2011 (ECF No. 36).

In his Amended Motion, plaintiff seeks an award of attorney fees and expenses pursuant to 28 U.S.C. § 2412. Specifically, plaintiff is seeking reimbursement of expenses equal to $27.75 and has amended the amount he is seeking for attorney fees from $7,352.52 to $7,300.00 (Plaintiff's Motion for Attorney Fees Pursuant to the EAJA, ECF No. 24, p. 1, Time and Expense Sheet, Attachment 3; Plaintiff's Reply, ECF No. 36, pp. 1-2; Plaintiff's Amended Motion, ECF No. 34, Time and Expense Sheet, Attachment 2).

## STANDARD OF REVIEW

The EAJA provides, in relevant part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless

the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the U.S. Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions were substantially justified. Hardisty v. Astrue, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing* Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. See Hensley, supra, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party as he received a new hearing and a remand of the matter to the administration for further consideration (see ECF Nos. 21-23). See Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) (*citing* Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993)). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant implicitly conceded that the government's position was not substantially justified by agreeing that fees should be awarded in this case (see Defendant's Response Brief, ECF No. 26, p. 2).

The Court agrees with the government's implicit concession. This conclusion is based on a review of the relevant record, including defendant's responsive brief in which he conceded that the ALJ erred and that the matter should be remanded to the administration for further consideration (Defendant's Response Brief, ECF No. 19, p. 4). Specifically, as noted above, defendant conceded that the ALJ erred in his consideration of the opinions of Dr. Magaret and Dr. Hoskins; and, as a result of this error, that the ALJ erred in his residual functional capacity finding and the subsequent steps in the sequential evaluation (id.). For these reasons, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially justified.

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. See 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. See 28 U.S.C. § 2412(b); see also Hensley, supra, 461 U.S. at 433, 436-37.

Therefore, this case is distinguishable from Hardisty, supra, 592 F.3d at 1080, one of the Ninth Circuit cases cited by defendant in support of his reasonableness argument. In Hardisty, the court did not reach the question of reasonableness of the requested attorney fees because the court did not get past the initial inquiry regarding substantially justification of the government's position. See id. The district court in Hardisty had found that the government's position on "the issue on which Hardisty's claim had been remanded," was substantially justified, and therefore "fee-shifting was not appropriate." Id. at 1075. The district court ruled, therefore, that fees would not be awarded for any of the other grounds that were raised by plaintiff but not ruled on by the court. Id. The Ninth Circuit affirmed the decision of the district court. Id. at 1080. The court ruled that because the government's position was substantially justified as to those issues

reached by the district court, the government's position as to those raised but not decided by the district court also was substantially justified. Id. at 1075-76, 1080. The court was unwilling to engage in a "second major litigation" regarding whether or not the government's positions on those non-adjudicated issues were substantially justified, and therefore, refused to extend fee-shifting to those issues. Id. at 1077-78 (*quoting* Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res., 532 U.S. 598, 609 (2001)).

Although the Ninth Circuit in Hardisty utilized broad language and referred in general to whether or not a plaintiff may be awarded EAJA fees with respect to issues not reached by the district court, the Ninth Circuit considered this ruling in a case in which the court already had determined that the government's position for which the case was remanded was "substantially justified." Hardisty, supra, 592 F.3d at 1075. The court did not reach the determination regarding reasonableness of the requested fees.

Since in the case now before the Court the sole reason the district court did not reach certain issues raised by plaintiff is because the government already had agreed that the administration's position was "not substantially justified," this court concludes that plaintiff should be able to recover whatever reasonable attorney fees plaintiff incurred. In other words, because this Court concludes that the government's position was not substantially justified, the holding in Hardisty is not controlling on the issue of the reasonableness of the overall fee. See id. at 1074-80.

This interpretation is buttressed by reviewing one of the factors relied on by the court in Hardisty. See id. Although the Ninth Circuit primarily relied on statutory analysis of the EAJA, 28 U.S.C. § 2412(d), see id. at 1076-77, the court also observed that the rationale presented by the plaintiff in Hardisty would require the court to spend time reviewing previously unaddressed

issues for the sole purpose of determining attorney fees for the plaintiff. Id. at 1077-78 ("'a request for attorney's fees should not result in a second major litigation'") (*quoting* Buckhannon supra, 532 U.S. at 609 (*quoting* Hensley, supra, 461 U.S. at 437)). Here, in contrast to the situation presented in Hardisty, defendant conceded that the ALJ erred and that the matter should be remanded to the administration for further consideration. It is defendant, not plaintiff, who argues that although the administration erred, plaintiff should not recover fees for issues not reached because any such recovery is not reasonable. Such a position would require this Court to examine issues that were not examined when deciding the underlying matter in order to deny part of plaintiff's requested fees (see ECF No. 26, pp. 3-4, 7). This does not harmonize with the Ninth Circuit's rationale in Hardisty. Therefore, where a plaintiff receives a reversal and remand of an underlying social security matter and the court determines that the government's position was not substantially justified, the undersigned concludes that the court is not required to inquire into issues not addressed for the sole purpose of determining again whether or not the government's position was "substantially justified" but need only examine whether or not the attorney fees are reasonable. When that situation is presented, plaintiff is entitled to all of the reasonable attorney fees. See Hensley, supra, 461 U.S. at 433, 436-37. That is the situation presented here.

The Ninth Circuit in Hardisty concluded that the determination regarding whether or not a plaintiff receives all of his reasonable attorney fees must follow from the initial determination by the district court regarding the issue of substantial justification; because the government's position in Hardisty was substantially justified, plaintiff did not receive any fees. Hardisty, supra, 592 F.3d at 1078. Although the plaintiff in Hardisty had argued that the district court should look at a subset of the specific issues to determine whether or not plaintiff should receive a partial fee,

the Ninth Circuit declined to require the district courts to make different determinations regarding substantial justification for different subsets of issues. See id. Once the determination regarding substantial justification is made by the district court, this determination applies to the case as a whole and the district court is not required to inquire further as to substantial justification for any particular subset of issues. See id.

Contrary to this rationale in Hardisty, defendant would have this Court engage in division of plaintiff's requested attorney fees on the basis of particular, individual issues raised by plaintiff to determine the reasonableness of the fee (see Defendant's Response to Plaintiff's Motion for Attorney Fees and Expenses Pursuant to the EAJA, ECF No. 26, pp. 3-4; Defendant's Response to Plaintiff's Amended Motion for Attorney Fees pursuant to the EAJA, ECF No. 35, pp. 3-4). This request by defendant would be contrary to the Court's general reluctance to consider these matters in piece-meal fashion, is not supported by Hardisty, and is contrary to the plain language of the EAJA. Hardisty, supra, 592 F.3d at 1076-77, 1078; see also Comm'r, INS v. Jean, 496 U.S. 154, 161-62 (1990) ("While the parties' posture on individual matters may be more or less justified, the EAJA . . . . favors treating a case as an inclusive whole, rather than as atomized line-items"); Guitierrez v. Barnhart, 274 F.3d 1255, 1259 (9th Cir. 2001) ("the government must establish that it was substantially justified on the whole, considering, first, the underlying conduct of the ALJ . . . . and second, its litigation position defending the ALJ's error").

As the Ninth Circuit explained in Guitierrez, "the plain language of the EAJA states that the ''position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based.'" Guitierrez, 274 F.3d at 1259 (*quoting* 28 U.S.C. § 2412(d)(2)(D); Jean, supra, 496 U.S.

at 159). As emphasized by the Ninth Circuit, "we consider whether 'the position of the government was, *as a whole*, substantially justified.'" Guitierrez, 274 F.3d at 1258-59 (*quoting* United States v. Rubin, 97 F.3d 373, 376 (9th Cir. 1996)) (*citing* Jean, supra, 496 U.S. at 161-62) (emphasis added in Guitierrez). For these reasons, the Court is not persuaded by defendant's interpretation of Hardisty. See Hardisty, supra, 592 F.3d at 1077.

Although this analysis somewhat differs from that previously recommended to the Court[1], the undersigned has been persuaded that Hardisty is binding precedent only when a plaintiff has achieved a reversal and remand to the Social Security Administration on an underlying matter on which the government's position nevertheless was substantially justified. See id. This conclusion best aligns Hardisty with the U.S. Supreme Court's decision in Hensley. See id.: Hensley, supra, 461 U.S. at 437.

Once the Court determines that plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." Hensley, supra, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, supra, 461 U.S. at 433. However, the "product of reasonable hours times a reasonable rate does not end the inquiry." Id. at 434. The Court concluded that the "important factor of the 'results obtained'" may lead the district court to adjust the fee upward or downward. Id. The Court stated that this factor particularly is "crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." Id. (noting that other relevant factors identified in Johnson v. Georgia Highway Express,

---

[1] See Spah v. Astrue, C09-5659RJB, Report and Recommendation on Motion for EAJA Attorney Fees, ECF No. 30, pp. 5-6; Report and Recommendation on Amended Motion for EAJA Attorney Fees, ECF No. 41, pp. 2-4, 7, *also reported at* Spah v. Astrue, 2011 U.S. Dist. LEXIS 54073 at *3-*5, *10 (W.D. Wash 2011); Hansen v. Astrue, C10-5283RJB, Report and Recommendation on Motion for EAJA Attorney Fees, ECF No. 24, pp. 1, 3-7, 9-10; see also Jones v. Astrue, C09-5501BHS, Report and Recommendation on Motion for EAJA Attorney Fees, ECF No. 35, pp. 4-6, *also reported at* 2011 U.S. Dist. LEXIS 44900 at *1, *6-*10 (W.D. Wash. 2011).

Inc., 488 F.2d 714, 717-19 (1974) "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate") (other citation omitted).

The factor of "results obtained" may not be relevant, particularly when there is only a single claim in an appeal of a Social Security matter. See Hensley, supra, 461 U.S. at 435. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." Id.

Here, the undersigned concludes that plaintiff has obtained "excellent results," contrary to defendant's characterization of plaintiff's results as "limited success" (Defendant's Response to Plaintiff's Motion, ECF No. 26, pp. 6, 7). See Hensley, supra, 461 U.S. at 435. Plaintiff has received a reversal and remand of the underlying matter, including a new hearing (see Report and Recommendation on Plaintiff's Complaint, ECF No. 21, pp. 6-7; Order Adopting Report and Recommendation, ECF No. 22, p. 1; Defendant's Response to Plaintiff's Amended Motion for EAJA Attorney Fees, ECF No. 35, pp. 2, 4-5). The ALJ assigned to this matter on remand, "will be required to make new findings and conclusions relevant to each of the five steps in the evaluation process" (Report and Recommendation on Plaintiff's Complaint, ECF No. 21, pp. 6-7; see also Order Adopting Report and Recommendation, ECF No. 22). It appears from a review of the relevant record that the only issue on which the Court explicitly ruled against plaintiff in the underlying matter was the issue of whether or not the Court should remand the matter for a direct award of benefits (see Report and Recommendation, ECF No. 21, pp. 6-7). According to the Supreme Court, where plaintiff has obtained excellent results, "the fee award should not be

reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Hensley, supra, 461 U.S. at 435. "The result is what matters." Id.

Based on a review of the relevant record, including plaintiff's time and expense sheets and attorney declarations, the undersigned concludes that given "the results obtained," the hours requested by plaintiff's attorney are "hours reasonably expended on the litigation." Hensley, supra, 461 U.S. at 435, 437 (see also Plaintiff's Motion for Attorney Fees Pursuant to the EAJA, ECF No. 24, Attachments 1, 3; Plaintiff's Amended Motion for Attorney Fees Pursuant to the EAJA, ECF No. 34, Attachments 1, 2).

The undersigned does not agree with defendant's contention that plaintiff's billing records lack sufficient detail to allow the Court to evaluate properly the reasonableness of plaintiff's fee request (see Defendant's Response to Plaintiff's Motion for Attorney Fees, ECF No. 26, pp. 6-7). According to the Supreme Court, plaintiff's counsel "is not required to record in great detail how each minute of his time was expended." Hensley, supra, 461 U.S. at 437 n.12. The fee applicant can meet his burden "although just barely – by simply listing his hours and 'identifying the general subject matter of his time expenditures.'" Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (*quoting* Davis v. City of San Francisco, 976 F.2d 1536, 1542 (9th Cir. 1992) (*quoting* Hensley, 461 U.S. at 437 n.12)). The undersigned concludes that plaintiff's counsel has submitted his fee request with sufficient detail to allow for a proper review and has met his burden to submit appropriate evidence in support of his fee request (see Plaintiff's Motion for EAJA Attorney Fees, ECF No. 24, Attachments 1-3; Plaintiff's Amended Motion for EAJA Attorney Fees, ECF No. 34, Attachments 1-3). See Fischer, 214 F.3d at 1121; see also Hensley, 461 U.S. at 437 n.12.

Defendant also contended that plaintiff's counsel inappropriately included clerical matters on his time sheets (Defendant's Response to Plaintiff's Motion for Attorney Fees, ECF No. 26, p. 8 (*citing* Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989))). Regarding preparation of the Equal Access to Justice Act documents, the Court notes that the fee applicant bears the burden of documenting the appropriate hours and submitting evidence in support of those hours. See Fischer, supra, 214 F.3d at 1121. Therefore, the undersigned finds it appropriate for counsel to spend time preparing the fee request documents and the itemized billing statement. In addition, here, plaintiff's counsel is requesting fees for 0.9 hours for his preparation and filing of the fee motion (see Plaintiff's Motion for EAJA Attorney Fees, ECF No. 24, Time and Expense Sheet, Attachment 3). The undersigned concludes specifically that this amount of time is reasonable. Similarly, the undersigned concludes that filing motions and drafting two letters to the client do not constitute necessarily purely clerical tasks. Instead, these hours consist of time spent managing the litigation, including the critical task of ensuring the satisfaction of due dates.

Finally, defendant objected to any order awarding EAJA fees and expenses directly to plaintiff's attorney (see Defendant's Response to Plaintiff's Motion for Attorney Fees, ECF No. 26, pp. 8-9).

The United States Supreme Court has concluded "that a [28 U.S.C.] § 2412(d) fees award is payable to the litigant." Astrue v. Ratliff, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010). The Court also concluded that such a fees award therefore is "subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Id. The undersigned concludes that the attorney fees and expenses award requested here pursuant to the Equal Access to Justice Act is "a § 2412(d) fees award [and therefore] is payable to the litigant." Id.

Because plaintiff has withdrawn temporarily his request for attorney fees for time incurred defending his EAJA motion, this particular issue is not before the Court currently. (See Plaintiff's Amended Motion for Attorney Fees Pursuant to the EAJA, ECF No. 34, p. 5).

## CONCLUSION

The undersigned has reviewed the relevant record, including the time and expense reports submitted by plaintiff's counsel, and concludes that plaintiff's counsel has met his burden to supply sufficient evidence supporting the hours worked and the fees requested. In addition, no special circumstances make the requested award unjust and the position of the United States overall was not substantially justified. The Court concludes that the fees and expenses requested are reasonable. See 28 U.S.C. § 2412(d)(1)(A).

Therefore, the Court should award to plaintiff expenses in the amount of $27.75 and attorney fees in the amount of $7,352.52 in accordance with the Treasury Offset Program and Ratliff, supra, 130 S. Ct. at 2525-26.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 22, 2011, as noted in the caption.

Dated this 29th day of June, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14