# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

GEORGE M. ROBERTS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 10cv5225-RJB-JRC

REPORT AND RECOMMENDATION ON PLAINTIFF'S AMENDED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EAJA

Noting Date: November 14, 2011

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976). This matter is before the Court on plaintiff's Amended Motion for Attorney's Fees Pursuant to the EAJA (see ECF No. 40). Defendant has filed a Response (see ECF No. 41).

Plaintiff's requested fees are reasonable and his motion should be granted.

## PROCEDURAL HISTORY

On October 26, 2005, plaintiff filed a Title II application for a period of disability and disability insurance benefits, and a Title XVI application for supplemental security income, alleging disability since September 19, 2005 due to significant back and leg pain (Tr. 15, 86-96, 122-23). After plaintiff's claims were denied initially and on reconsideration, on December 13, 2007, an Administrative Law Judge (hereinafter "the ALJ") issued a written decision in which he found that plaintiff was not disabled (Tr. 12-23). The Appeals Council denied plaintiff's request for review on February 26, 2010, making the December 13, 2007 decision of the ALJ the final administrative decision subject to judicial review (Tr. 1-4). See 20 C.F.R. § 404.981.

Plaintiff filed the underlying complaint on April 4, 2010, requesting judicial review of the ALJ's written decision (ECF No. 4). In response to plaintiff's opening brief, defendant conceded that the ALJ erred and that the matter should be remanded to the administration for further consideration (Defendant's Response Brief, ECF No. 19, p. 4). On November 5, 2010, the undersigned issued a report and recommendation recommending that the Court reverse and remand this matter to the administration for further consideration (ECF No. 21). On December 1, 2010, the Court adopted that report and recommendation and ordered that the matter be remanded to the administration (ECF No. 22).

After multiple rounds of briefing, plaintiff was awarded attorney's fees and expenses incurred in the underlying matter pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (see ECF Nos. 24, 26-30, 32-38). Plaintiff now seeks

attorney's fees for time incurred defending his motion for fees (see Amended Motion for Attorney's Fees Pursuant to the EAJA, ECF No. 40). Defendant has indicated that he "has no objection" to plaintiff's Amended Motion for Attorney's Fees (see ECF No. 41, p. 1).

## STANDARD OF REVIEW

In any action brought by or against the United States, the Equal Access to Justice Act ("EAJA") allows reimbursement to "a prevailing party other than the United States [of] fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the U.S. Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions were substantially justified. Hardisty v. Astrue, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing* Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995)). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. See Hensley, supra, 461 U.S. at 433, 436-37.

## DISCUSSION

Plaintiff requests attorney's fees for defending his motion for fees in the amount of $2,772.62 (see Amended Motion for Attorney's Fees Pursuant to the EAJA, ECF No. 40,

p. 1; see also Attachment 3, Supplemental Time Sheet). Attorney's fees for time incurred defending a petition for fees also are recoverable under the Equal Access to Justice Act ("EAJA"). Comm'r, I.N.S. v. Jean, 496 U.S. 154, 157, 161 (1990). As stated by the Supreme Court, "a fee award presumptively encompasses all aspects of the civil action. Id.; see also Gagne v. Maher, 594 F.2d 336, 344 (2d Cir. 1979) ("denying attorneys' fees for time spent in obtaining them would 'dilute the value of a fees award'").

During the process of awarding plaintiff attorney's fees for the underlying matter here, the Court concluded that plaintiff clearly was the prevailing party as he received a new hearing and a remand of the matter to the administration for further consideration (see Report and Recommendation on Amended Motion for Attorney's Fees and Expenses Pursuant to the EAJA, ECF No. 37, p. 5; Order Adopting Report and Recommendation on Amended Motion for Fees, ECF No. 38). The Court also agreed with defendant's implicit concession that the government's position was not substantially justified (see Report and Recommendation, ECF No. 37, pp. 5-6; Order Adopting Report and Recommendation, ECF No. 38; see also Defendant's Response Brief, ECF No. 26, p. 2).

According to the Supreme Court, it is not necessary for the Court to "make a second finding of no 'substantial justification' before awarding" plaintiff "fees for the fee litigation." Jean, supra, 496 U.S. at 160. Instead, the "single finding that the Government's position lacks substantial justification, like the determination that a claimant is a 'prevailing party,' [] operates as a one-time threshold for fee eligibility." Id. Therefore, all that remains here is for the Court to determine whether or not any special circumstances make an award of attorney's fees for the pursuit of fees unjust and whether

or not the requested fees are reasonable. 28 U.S.C. § 2412(d)(1)(A); Hensley, supra, 461 U.S. at 433, 436-37; see also Jean, supra, 496 U.S. at 160-61.

Based on a review of the relevant record, the Court concludes that in this matter, no special circumstances make an award of attorney's fees for the pursuit of fees unjust. In addition, given the excellent results obtained by plaintiff (see Report and Recommendation, ECF No. 37, p. 11), and based on a review of the relevant record, including plaintiff's Amended Motion and Supplemental Time Sheet (see ECF No. 40, p. 1; see also Attachment 3), the Court concludes that the 15.4 hours expended by plaintiff in his pursuit of fees were expended reasonably and that the $2,772.62 requested supplemental fee is reasonable. See Hensley, supra, 461 U.S. at 433, 436-37.

## CONCLUSION

Based on a review of the relevant record, the Court concludes that that the $2,772.62 requested supplemental fee is reasonable and is based on hours reasonably expended. Therefore, the undersigned recommends that the Court Order that EAJA attorney's fees in the amount of $2772.62 be awarded to plaintiff in accordance with Astrue v. Ratliff, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

If it is determined that plaintiff's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program, then the check for EAJA fees should be made payable to plaintiff's attorney, Eitan Kassel Yanich, based on assignment of these fees by plaintiff to his attorney (see Plaintiff's Declaration Regarding Net Worth and Payment of EAJA Fees, ECF No. 25). The same procedure should be followed for any remainder following any offset. Any check for EAJA fees should be mailed to

plaintiff's attorney at Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on November 14**,** 2011, as noted in the caption.

Dated this 19th day of October, 2011.

J. Richard Creatura
United States Magistrate Judge